IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACY L. SISKO,                                  Civil Action No.

        Plaintiff,

vs.

MAILING SERVICES OF PITTSBURGH,

        Defendant.                          JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Stacy L. Sisko, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1.  The jurisdiction of the Court invoked pursuant to the Family and Medical Leave Act 29 U.S.C. §2617; the Fair Labor Standards Act, 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343(a)(4).

### II. The Parties

2.  Plaintiff Stacy L. Sisko resides at 107 Metcalf Road Harmony, Butler County, Pennsylvania, 16037. Sisko is an eligible employee within the meaning of the FMLA, 29 U.S.C. §2611(2)(A).

3.  Defendant, Mailing Services of Pittsburgh ("MSP" or "Defendant"), is a corporation with its principal place of business at 155 Commerce Drive, Freedom, Pennsylvania 15042.

4.  Defendant is an employer within the meaning of the FMLA, 29 U.S.C. §2611(4) in that Defendant employs more than 50 employees. Defendant also is an "employer" within the

1

Case 2:05-cv-02549-AJS Document 11 Filed 09/08/2005 Page 2 of 6

meaning of the FLSA, 29 U.S.C. §§216(b) and 203(d).

5. Defendant engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(I), 203(j), 206(a) and 207(a).

6. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

7. Sisko was employed by Defendant from April 2003 to August 12, 2005 as an Account Manager.

8. On or about July 11, 2005, Sisko requested Family Medical leave to recover from a serious health condition.

9. On July 19, 2005, Defendant wrote to Sisko and informed her that her request for FMLA leave had been granted, and that she was expected to return to work on or about September 5, 2005.

10. On August 3, 2005, Sisko's counsel wrote to Defendant's Human Resources Director and informed him that Sisko believed Defendant's failure to pay Sisko for prior sick time was a violation of the Fair Labor Standards Act, and the Pennsylvania Wage Payment and Collection law.

11. Defendant received this letter on August 11 2005.

12. On August 17, 2005, Defendant by letter informed Sisko that she was fired effective August 12, 2005 "due to [her] inability to return to work upon expiration of FMLA leave."

13. Defendant never had informed Sisko that she was required to return to work on August 12, or any other date other than September 5, 2005.

2

## Count I
## Family and Medical Leave Act
## 29 U.S.C. §2615(a)(2)
### Retaliation

14. Plaintiff incorporates by reference the allegations in paragraphs 1 through 13 as if fully restated herein.

15. As described in detail above, Sisko is an eligible employee as defined by the FMLA, and she took FMLA leave to recover from a serious health condition. Therefore, Sisko exercised her rights under the FMLA.

16. Defendant fired Sisko in retaliation for the exercise of her rights under the Family and Medical Leave Act, in violation of 29 U.S.C. §2615(a)(2) and for opposing Defendant's conduct made unlawful by 29 U.S.C. §2614(a), in violation of 29 U.S.C. §1615(a)(2).

17. Defendant's actions were willful.

18. As a direct and proximate result of Defendant's violations of the FMLA, Sisko suffers and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

## Count II
## Family and Medical Leave Act
## 29 U.S.C. §2615(a)(1)
### Interference

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 18 as if fully restated herein.

20. Sisko had a right under the FMLA, 29 U.S.C. §2614(a)(1), to be restored to her own or a comparable position at the conclusion of her leave.

21. Defendant failed to restore Sisko to her own or a comparable position at the end of

3

her FMLA leave, in violation of 29 U.S.C. §2615(a)(1).

22. By firing Sisko effective August 12, 2005, Defendant interfered with Plaintiff's rights to take FMLA leave and to be restored to her own or a comparable position at the conclusion of her leave, in violation of 29 U.S.C. §2614(a), and 29 U.S.C. §2615(a)(1).

23. Defendant's actions were willful.

24. As a direct and proximate result of Defendant's violations of the FMLA, Sisko has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. § 2617(a), and the following legal and equitable remedies:

    a. Defendant be ordered to employ and re-employ Plaintiff in the position from which she was discharged, together with all benefits incident thereto, including by not limited to, wages, benefits, training, and seniority, and other terms and conditions of employment;

    b. Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered re-employment in a position substantially equivalent to the one Plaintiff occupied prior to August 12, 2005;

    c. That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

    d. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

    e. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

    f. That Plaintiff be granted such further legal and equitable relief as the Court

may deem just and proper.

## Count III
## FLSA Retaliation

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as if fully restated herein.

26. Plaintiff's complaints to Defendant's Human Resources Manager constitute the filing of a complaint within the meaning of the FLSA, 29 U.S.C. §215(a)(3).

27. Defendant fired Sisko in retaliation for this complaint in violation of 29 U.S.C. §215(a)(3).

28. Defendant's violation of the FLSA was intentional and undertaken with reckless indifference to Sisko's right to not be retaliated against for complaining of FLSA violations.

WHEREFORE, Plaintiff demands judgment as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her, with interest until the date she is offered employment into a position substantially equivalent to the one which she occupied on August 12, 2005;

    c. That Defendant be required to provide Plaintiff with front pay;

    d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits;

    e. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages as provided by 29 U.S.C. § 216(b);

    f. That, pursuant to 29 U.S.C. §216(b), Defendant be awarded punitive damages in an amount sufficient to deter Defendant from further retaliation against its

employees who assert FLSA rights;

g. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates the FLSA;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

    Respectfully submitted,

    **Ogg, Cordes, Murphy & Ignelzi**

    /S/ Samuel J. Cordes
    Samuel J. Cordes
    Pa. I.D. No. 54874

    245 Fort Pitt Boulevard
    Pittsburgh, PA 15222
    (412) 471-8500

    Attorney for Plaintiff